## EASTERN DISTRICT OF LOUISIANA

| JEREMY SCHUTT | CIVIL ACTION |
| --- | --- |
| VERSUS | NO. 16-15733 |
| ALLIANCE MARINE SERVICES LP, ET AL | SECTION "B"(3) |

### ORDER AND REASONS

### I. NATURE OF MOTION AND RELIEF SOUGHT

Before the Court are Defendants' "Motion for Partial Judgment on the Pleadings" (Rec. Doc. 24), Plaintiff's "Opposition to Motion for Partial Judgment on the Pleadings" (Rec. Doc. 26) and Defendants' "Reply Memorandum in Support of Certain Defendants' Motion for Partial Judgment on the Pleadings" (Rec. Doc. 32). For the foregoing reasons, **IT IS ORDERED** that the Defendants' Motion is **GRANTED**.

### II. FACTS AND PROCEDURAL HISTORY

Plaintiff alleges that he sustained significant personal injuries while working aboard the floating production storage and offloading unit TURRITELLA (Rec. Doc. 1). The Plaintiff filed a Seaman's Complaint for Damages and brought claims under the Jones Act and general maritime law. (Rec. Doc. 1). In the Complaint Plaintiff includes claims for punitive damages against the Defendants as a group pleading, "Plaintiff specifically alleges a claim for punitive damages against the defendants herein based upon General Maritime Law. This claim relates not only to any arbitrary and/or unreasonable failure of ALLIANCE to pay

1

maintenance and cure benefits but also for any gross negligence of either defendant, or unseaworthiness of the vessel as may be allowed under General Maritime Law." (Rec. Doc. 1).

**III. FACTUAL AND LEGAL FINDINGS**

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings after the pleadings are closed but early enough so as not to delay trial. The standard for deciding a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). Accordingly, this Court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. v. Twombly*, 550

U.S. 544, 555 (2007) (internal citations omitted). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In the Fifth Circuit a Jones Act seaman may not recover non-pecuniary damages against a non-employer third party under general maritime law. *Scarborough v. Clemco Indus.*, 391 F.3d 660, 668 (5th Cir. 2004). In *Scarborough,* the Court relied on the United States Supreme Court's holding in *Miles. v.Apex, Marine Corp.*, and it's articulation of the uniformity principle when holding that non-pecuniary damages were not permissible in this context. 498 U.S. 19, 32 (1990). The Fifth Circuit, sitting *en banc,* affirmed the reasoning in *Miles* and explained that "[p]unitive damages, which are designed to punish the wrongdoer rather than compensate the victim, by definition are not pecuniary losses" and therefore cannot be recovered under general maritime law or the Jones Act. *McBride v. Estis Well Serv., L.L.C.*, 768 F.3d 382, 391, (5th Cir. 2014).

Plaintiff argues that these cases are distinguishable from the instant controversy because they both involve wrongful death versus personal injury. However, Plaintiff has not cited any case law that would indicate that controlling authority would treat the issues of punitive damages different under personal injury claims versus wrongful death. The crux of the appellate court's decision

is based on punitive damages not being appropriate under the Jones Act or General maritime law and therefore whether punitive damages are based on wrongful death or personal injury, their impropriety remains the same under both of the aforementioned legal schemes.

In addition, there is precedent from this Circuit where a party's punitive damages claims in a similar Jones Act personal injury context were dismissed using the reasoning in *Scarborough*. *Howard v. Offshore Liftboats, LLC*, Case No.: 13-4811, 2015 U.S. Dist. LEXIS 157173, at*10 (E.D. La. Nov. 19, 2015). Furthermore, Judge Fallon has explained, "the Fifth Circuit has now made it clear that under both the Jones Act and general maritime law, a seaman's damages against both employers and non-employers are limited to pecuniary losses. Thus, Plaintiff's claims for non-pecuniary damages in this case are controlled by the Fifth Circuit's holdings in *McBride* and *Scarborough*, and must be dismissed." *Wade v. Clemco Indus. Corp*., Case No.: 16-502, 2017 U.S. Dist. LEXIS 13580, at*14(E.D. La. Feb. 1, 2017). Given the law in this circuit this Court finds that it is appropriate to grant the Defendants' Partial Motion for Judgment on the Pleadings regarding punitive damages.

New Orleans, Louisiana, this 24th day of May 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE